UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JARMER D. ROBERSON**                                                              **PETITIONER**

**VS.**                                        **4:20-CV-01523-JM/JTR**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                             **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

On December 30, 2020, Jarmer Roberson ("Roberson"), proceeding *pro se*, filed a six-page document, which was treated as a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus ("Petition"). *Doc. 1*. Roberson filed an Amended Petition on January 25, 2021. *Doc. 5*. In both petitions, Roberson challenges a July 15, 2020 state court conviction and sentence. *Doc. 1 and 5*.

In the Amended Petition, Roberson alleges his Due Process rights were violated when he was forced to skip a pretrial hearing on July 14, 2020 and to go to trial on July 15, 2020. *Doc. 5 at 5*. Roberson raised this issue on appeal but not in any state court post-conviction proceedings. *Doc. 5 at 5-6*. The appeal is still pending.

Roberson alleges a violation of his right to confront witnesses against him. *Doc. 5 at 6*. Roberson did not raise this issue on appeal or in any state court post-conviction proceedings. *Doc. 5 at 6-7*.

Roberson alleges a lack of "equity" by only being able to attend the arraignment due to "biotechnology" that tricked him into a waiver and caused him to become "psychedelic." *Doc. 5 at 8*. Roberson did not raise this issue on appeal or in any state court post-conviction proceedings. *Doc. 5 at 8-9*.

Finally, Roberson alleges a violation related to placement on "psych medication" before his mental evaluation. *Doc. 5 at 9*. Again, Roberson did not raise this issue on appeal or in any state court post-conviction proceedings. *Doc. 5 at 10*.

On February 3, 2021, Roberson filed a motion to extend asking for more time to follow through with state remedies. *Doc. 8*. Roberson noted he had already started the process, but "the state has a pace [in] which they move." *Doc. 8*.

Because Roberson may not pursue federal habeas relief while simultaneously appealing his conviction and sentence through Arkansas's state court appellate system, the Court recommends that Roberson's Petition and Amended Petition for Writ of Habeas Corpus (*Doc. 1 and 5*) be dismissed, without prejudice.

## II.  Discussion

In reviewing a federal habeas petition, a court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. Here, Roberson failed to exhaust his claims by allowing state courts an opportunity to address the merits of the alleged constitutional violations. Further, a stay is not appropriate in this case.

### A.  **Exhaustion of State Court Remedies**

*Before* a state prisoner can seek federal habeas relief, he ordinarily must "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion affords those courts "the first opportunity to review [a federal constitutional] claim and provide any necessary relief" for alleged violations of a prisoner's federal constitutional rights. *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 844-45 (1999). State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

State prisoners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Thus, before seeking federal habeas relief for any alleged violations of his federal constitutional rights, Roberson must raise those claims in the state courts and give them an opportunity to resolve the claims.

A federal court may not adjudicate a "mixed" habeas petition, one that presents both exhausted and unexhausted claims.[1] See *Rhines v. Webber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19, 102 S. Ct. 1198 (1982)). Additionally, a court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

The Court, after reviewing Roberson's *pro se* filing and accessing publicly available documents from the Arkansas Court of Appeals, takes judicial notice that Roberson's appeal is still pending, with a reply brief

---

[1] Roberson has not exhausted any state court remedies regarding any of his claims. It appears, however, there may be no available state remedy for the alleged use of biotechnology. Accordingly, this petition may qualify as a "mixed" petition.

4

filed February 4, 2021.

By his own admission, Roberson has only raised one of his pending claims in state appellate court. That claim is still pending. Roberson has not exhausted any of his currently available state court remedies in connection with any of the claims presented in the pending petition. Accordingly, Roberson's claims should be dismissed, without prejudice, for failure to exhaust.

*After* Roberson has fully exhausted his remedies, at every level of the state court system, he can properly initiate a § 2254 habeas action in federal court. Roberson is cautioned that the Antiterrorism and Effective Death Penalty Act requires a § 2254 habeas petition to be filed within one year of the date on which the state judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The "conclusion of direct review" includes certiorari proceedings before the United States Supreme Court, and if a "prisoner does not petition the U.S. Supreme Court for review, then his conviction becomes final when the time for filing that petition expires[.]" *Parmley v. Norris*, 586 F.3d 1066, 1069 (8th Cir. 2009).

B.  **Stay and Abeyance**

Roberson requested additional time to go through the state process. *Doc. 8*. He has not explicitly requested a stay. In *Rhines v. Webber*, 544 U.S. 269, 276 (2005), the Supreme Court discussed the factors that must be considered in deciding whether to stay a "mixed" § 2254 petition to allow a petitioner to pursue unexhausted claims that are still available in state court. In such a case, "stay and abeyance" of the proceedings is appropriate only where: (1) the petitioner had "good cause" for failing to pursue those unexhausted claims in state court; (2) those unexhausted claims are "potentially meritorious"; and (3) he has not engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

There is no evidence Roberson is engaged in intentionally dilatory litigation tactics. On the current record, the Court cannot ascertain the potential merit of the claims. Roberson has not, however, provided "good cause" for his failure to exhaust his claims in the state courts.

Roberson requests more time to exhaust pending state remedies. *Doc. 8*. His "failure to exhaust his claims cannot provide good cause for his failure to exhaust his claims." *Morey v. Titus*, 2019 U.S. Dist. LEXIS 130574, *10, 2019 WL 3539938 (D. Minn., June 10, 2019). Absent a showing of good cause, this Court cannot grant a stay.

### III. Conclusion

IT IS THEREFORE RECOMMENDED, *SUA SPONTE*, THAT Petitioner Jarmer Roberson's Petition and Amended Petition for Writ of Habeas Corpus pursuant to § 2254 (*Doc. 1 and 5*) be dismissed, without prejudice. Roberson's pending Motion to Extend Time (*Doc. 8*) and Motion for Leave to Proceed *in forma pauperis* (*Doc. 9*) should be DENIED as MOOT.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

Dated this 9th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE